IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

|  |  |
|---|---|
| MICHAEL A. FREITAS, RICHARD K. BURGO, MICHAEL A. ANCHETA,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MCCABE, HAMILTON & RENNY CO., LTD.<br><br>　　　　Defendant. | Civ. No. 17-00359 ACK-RT |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS BROUGHT BY PLAINTIFF MICHAEL A. FREITAS

For the reasons discussed below, Defendant McCabe, Hamilton & Renny Co., Ltd.'s Motion for Summary Judgment as to the claims brought by Plaintiff Michael A. Freitas is hereby DENIED.

## PROCEDURAL BACKGROUND

On July 24, 2017, Plaintiffs Michael A. Freitas ("Plaintiff Freitas"), Richard K. Burgo, and Michael A. Ancheta (collectively, "Plaintiffs") filed a Complaint against Defendant McCabe, Hamilton & Renny Co., Ltd. ("Defendant MHR"). ECF No. 1. The Complaint alleges that Defendant MHR, Plaintiffs' former employer, did not select Plaintiffs for promotion and ultimately terminated them because of their ages in violation of the Age

Discrimination in Employment Act of 1967, and in retaliation for opposing the alleged discrimination.  Complaint ¶¶ 45-53.

On February 26, 2019, Defendant MHR filed a Motion for Summary Judgment ("Motion") together with a Memorandum in Support of Motion ("Memorandum") and Concise Statement of Facts ("Def. CSF") in support of its Motion.[1/]  ECF Nos. 43, 43-1, and 44.  The Motion addresses only Plaintiff Freitas's claims.  See Motion.  On April 30, 2019, Plaintiff Freitas filed a Memorandum in Opposition to Defendant MHR's Motion ("Opposition") together with a Concise Statement of Facts in Opposition ("Pl. CSF").  ECF Nos. 62 and 63.  Defendant MHR filed its Reply on May 7, 2019.  ECF No. 67.

The Court held a hearing on Defendant MHR's Motion on May 21, 2019.

## FACTUAL BACKGROUND

Defendant MHR argues that Plaintiff Freitas is judicially estopped from pursuing his claims because he failed to disclose those claims in an earlier chapter 13 bankruptcy proceeding.  Memorandum at 1.  Accordingly, the Court addresses only those facts relevant to the instant Motion.

---

[1/] The Court notes that on April 18, 2019, Defendant MHR filed three additional motions for summary judgment and concise statements of facts.  ECF Nos. 50, 51, 52, 53, 54, and 55. These motions are set for a hearing on September 4, 2019.

Plaintiff Freitas filed a chapter 13 bankruptcy petition on September 1, 2014.[2/] Def. CSF ¶ 1; Declaration of Christopher Yeh ("Yeh Decl.") ¶ 2, ECF No. 44-1; Exh. 1, ECF No. 44-2. On December 15, 2014, the bankruptcy court issued an Order Confirming Chapter 13 Plan. Def. CSF ¶ 3; Yeh Decl. ¶ 3; Exh. 2, ECF No. 44-3. Defendant MHR terminated Plaintiff Freitas from employment on July 12, 2016. Def. CSF ¶ 4; Compl. ¶ 8. On September 7, 2016, Plaintiff Freitas filed charges with the Hawai`i Civil Rights Commission and the Equal Employment Opportunity Commission alleging that Defendant MHR discriminated against him.[3/] Reply at 5; Exh. 7, Deposition of Michael A. Freitas ("Freitas Depo.") at 110:5–23, ECF No. 67-2. Plaintiff Freitas was not represented by counsel at the time he filed these charges. Freitas Depo. at 111:17–25, 112:1–2.

On June 13, 2017, Plaintiff Freitas filed a Motion to Modify Confirmed Plan in the bankruptcy court seeking a reduction in monthly plan payments because he had obtained a home loan modification. Def. CSF ¶ 5; Yeh Decl. ¶ 5; Exh. 3, ECF No. 44-4. This motion itself did not require Plaintiff Freitas to file amended bankruptcy schedules. <u>See</u> 11 U.S.C. §

---

[2/] <u>See</u> <u>In re Michael A. Freitas</u>, Case No. 14-01181 (Bankr. D. Haw. 2014).
[3/] The Court notes that neither party included this fact in their CSFs. Defendant MHR raised this fact for the first time only in its Reply.

1329(a).  On July 24, 2017, Plaintiffs filed the Complaint in this action.  See Complaint.  On August 11, 2017, the bankruptcy court issued an Order Granting Motion to Modify Confirmed Plan, which included a reduction of total plan funding.  Def. CSF ¶ 6; Yeh Decl. ¶ 5; Exh. 4, ECF No. 44-5.

Plaintiff Freitas failed to make payments on his chapter 13 plan, so the bankruptcy court issued an Order Dismissing Chapter 13 Case on January 29, 2019.  Def. CSF ¶ 8; Yeh Decl. ¶ 4; Exh. 5, ECF No. 44-6.  At no point after Plaintiff Freitas was terminated in July 2016 did he amend his bankruptcy schedules to reflect his claims against Defendant MHR.  Def. CSF ¶ 8; Yeh Decl. ¶ 4; Exh. 6, ECF No. 44-7. Plaintiff Freitas's CSF does not oppose any of the aforesaid facts as set out in Defendant MHR's CSF, so those facts are deemed admitted.  See L.R. 56.1(g) ("material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party").

Defendant MHR filed the instant Motion on February 26, 2019.  See Motion.  Thereafter, Plaintiff Freitas was informed by his attorney, Charles H. Brower, that he was required to disclose his claims against Defendant MHR to the bankruptcy court.  Pl. CSF ¶ 1, Declaration of Michael A. Freitas ("Freitas Decl.") ¶ 12.  ECF No. 63-1.  Accordingly, Plaintiff Freitas

filed a second chapter 13 petition on March 20, 2019, this time
listing his lawsuit against Defendant MHR as an asset on his
Schedule A/B form.[4/]  Pl. CSF ¶ 1; Freitas Decl. ¶ 13; <u>see also</u>
Notice of Filing of Bankruptcy Petition by Plaintiff Michael A.
Freitas ("Bankruptcy Notice"), ECF No. 61, Exh. B at 5, ECF No.
61-2.  The bankruptcy court confirmed Plaintiff Freitas's second
chapter 13 plan on May 16, 2019.  <u>In re Michael A. Freitas</u>, Case
No. 19-00341, Dkt. No. 23.  Plaintiff Freitas asserts he was
unaware of his duty to amend his initial chapter 13 plan to
disclose his claims against Defendant MHR during the pendency of
that bankruptcy.  Pl. Decl. ¶ 10.

## STANDARD OF REVIEW

Summary judgment is proper where there is no genuine
issue of material fact and the moving party is entitled to
judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Rule 56(a)
mandates summary judgment "against a party who fails to make a
showing sufficient to establish the existence of an element
essential to the party's case, and on which that party will bear
the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 477
U.S. 317, 322 (1986); <u>see also</u> <u>Broussard v. Univ. of Cal.</u>, 192
F.3d 1252, 1258 (9th Cir. 1999).

---

[4/] <u>See</u> <u>In re Michael A. Freitas</u>, Case No. 19-00341 (Bankr. D.
Haw. 2019).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citing Celotex, 477 U.S. at 323); see also Jespersen v. Harrah's Operating Co., 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586–87 (1986) (citation and internal quotation marks omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (citing Anderson, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable

inferences on behalf of the nonmoving party.  Matsushita Elec.
Indus. Co., 475 U.S. at 587; see also Posey v. Lake Pend Oreille
Sch. Dist. No. 84, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating
that "the evidence of [the nonmovant] is to be believed, and all
justifiable inferences are to be drawn in his favor" (internal
citation and quotation omitted)).

## DISCUSSION

Defendant MHR argues that Plaintiff Freitas is
judicially estopped from pursuing his discrimination and
retaliation claims because he failed to disclose those claims to
the bankruptcy court.

## I.  Doctrine of Judicial Estoppel

"[J]udicial estoppel is an equitable doctrine invoked
by a court at its discretion."  New Hampshire v. Maine, 532 U.S.
742, 750 (2001) (internal quotation marks omitted).  "[I]ts
purpose is to protect the integrity of the judicial process by
prohibiting parties from deliberately changing positions
according to the exigencies of the moment."  Id. at 749–50
(citation and internal quotation marks omitted).  Judicial
estoppel "bars a party from gaining an advantage by taking a
position in a subsequent lawsuit that is inconsistent with a
position it took in a previous lawsuit."  Kawelo v. Nationstar
Mortg. LLC, Civ. No. 18-00096 JMS-KSC, 2018 WL 4354295, at *7
(D. Haw. Sept. 12, 2018) (brackets and citations omitted).

The United States Supreme Court has identified three factors courts may consider in determining whether to apply the doctrine of judicial estoppel: (1) whether a party's later position is "clearly inconsistent with its earlier position;" (2) whether the party persuaded the first court to accept the party's earlier position, so that judicial acceptance of the later inconsistent position "would create the perception that either the first or the second court was misled;" and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 750–51 (internal quotation marks and citations omitted). These factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." Id. Because judicial estoppel is a discretionary doctrine, its applicability requires a case-by-case determination. Ah Quin v. Cty. of Kauai Dep't of Transp., 733 F.3d 267, 272 (9th Cir. 2013).

In the bankruptcy context specifically, the Ninth Circuit has developed a "basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." Ah Quin, 733 F.3d at 271 (citations omitted). But the Ninth Circuit, like

other circuits, recognizes an exception where the debtor's omission was due to inadvertence or mistake.  Id.

The Ninth Circuit addressed the inadvertence/mistake exception at length in Ah Quin.  The court noted that other circuits have adopted a "narrow interpretation" of the exception and consider only (1) whether the debtor knew about the claim when he or she filed the bankruptcy schedules; and (2) whether the debtor had a motive to conceal the claim.  Id.  The Ninth Circuit characterized this approach as involving a "presumption of deliberate manipulation."  Id. at 273.

But the narrow interpretation of the inadvertence/mistake exception is inappropriate where the plaintiff to be estopped reopens his bankruptcy proceedings, corrects the initial error, and the bankruptcy court "reprocesses" the bankruptcy schedules with full and correct information.  Id. at 273.  In such cases, the "presumption of deceit no longer applies," and courts must ask "whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken as those terms are commonly understood."  Id. at 273, 276.  This means courts must determine "whether the omission occurred by accident or was made without intent to conceal."  Id. at 276.  The relevant inquiry is "the plaintiff's subjective intent when filling out and signing the bankruptcy schedules."  Id. at 277.

## II.  Judicial Estoppel in the Instant Case

The parties do not appear to dispute that under the default rule, the New Hampshire factors are met and judicial estoppel would apply.  The first New Hampshire factor is clearly met—Plaintiff Freitas took the position in his initial chapter 13 bankruptcy that he had no claims against Defendant MHR, and in these proceedings he has taken the position that he has claims against his former employer.  The second factor is also clearly met.  Plaintiff Freitas succeeded in getting the bankruptcy court to accept the first position by obtaining a chapter 13 plan confirmation.  See Ah Quin, 733 F.3d at 271. The third factor is also met, although not as clearly. Plaintiff Freitas obtained confirmation of a chapter 13 plan without allowing his creditors to learn of his claims against Defendant MHR.  In the Ninth Circuit, this constitutes a benefit or unfair advantage under the third New Hampshire factor.  Id. ("the plaintiff-debtor obtained an unfair advantage (discharge or plan confirmation without allowing the creditors to learn of the pending lawsuit)).  Thus, even though Plaintiff Freitas's bankruptcy was dismissed and he did not receive a discharge, the third New Hampshire factor is still met.[5]

---

[5] The Court reiterates that the third New Hampshire factor is not so clearly met.  It is unclear how exactly a debtor derives a benefit or unfair advantage from obtaining a bankruptcy plan
(Continued...)

However, Plaintiff Freitas has invoked the
inadvertence/mistake exception to judicial estoppel.  Opposition
at 3.  Plaintiff Freitas argues that his failure to amend his
initial chapter 13 bankruptcy schedules was an inadvertent
mistake.  He also notes that he refiled a chapter 13 bankruptcy
petition on March 20, 2019 and disclosed as an asset his lawsuit
against Defendant MHR.  Plaintiff Freitas's new chapter 13 plan
was confirmed at a hearing held on May 16, 2019.  <u>In re Freitas</u>,
Case No. 19-00341, Dkt. No. 23.  When this occurs, the first and
second <u>New Hampshire</u> factors are no longer met.  <u>Ah Quin</u>, 733
F.3d at 274.  Now that Plaintiff Freitas has refiled for
bankruptcy and disclosed his claims against Defendant MHR, his
position in the bankruptcy court is no longer inconsistent with
his position in this Court, and the bankruptcy court "ultimately
<u>did not accept</u> the initial position."  <u>Id.</u> (emphasis in
original).  However, Defendant MHR argued in its Reply that the
inadvertence/mistake exception should not apply because the

---

confirmation without allowing creditors to learn of the pending
lawsuit, particularly where the bankruptcy is ultimately
dismissed as in the instant case.  However, the law in the Ninth
Circuit is clear that the aforesaid benefit or unfair advantage,
however minimal it might be, is sufficient for satisfying the
third <u>New Hampshire</u> factor.  <u>See</u> <u>Ah Quin</u>, 733 F.3d at 271;
<u>Hamilton v. State Farm Fire & Cas. Co.</u>, 270 F.3d 778, 785 (9th
Cir. 2001) (noting that the third <u>New Hampshire</u> factor was
satisfied because the debtor's failure to list his claims on his
bankruptcy schedule deceived the bankruptcy court and the
debtor's creditors, "who relied on the schedules to determine
what action, if any, they would take in the matter").

bankruptcy court had not yet confirmed Plaintiff Freitas's second chapter 13 plan, and therefore it had not yet "reprocessed" the bankruptcy within the meaning of Ah Quin. Reply at 7. Although, as the Court noted, and as counsel for Defendant MHR acknowledged at the hearing held on May 21, 2019, the bankruptcy court subsequently confirmed the second chapter 13 plan on May 16, 2019, just over one week after Defendant MHR raised this argument.

### A. Whether the Inadvertence/Mistake Exception Applies

The Ninth Circuit has not explained what precisely constitutes "reprocessing" for purposes of the inadvertence/mistake exception. In Ah Quin, the plaintiff moved to reopen her bankruptcy and amended her bankruptcy schedules to correct her omission by listing a pending discrimination lawsuit. 733 F.3d at 270. Five months later, the bankruptcy trustee abandoned the trustee's interest in the lawsuit and the bankruptcy court closed the case.[6] Id.

Now that the bankruptcy court has confirmed Plaintiff Freitas's modified chapter 13 plan, it appears that Defendant MHR's argument is moot. In discussing this argument, Defendant MHR even suggests "[f]or instance, the Bankruptcy Court has not

---

[6] During the interim period, the district court granted the defendant's motion to dismiss based on judicial estoppel. Ah Quin, 733 F.3d at 270.

confirmed Freitas' Chapter 13 Plan in reliance on his disclosure of the McCabe lawsuit." Reply at 7. While district courts vary in what is required for the "reprocessing" requirement to be met (perhaps due to the Ninth Circuit's lack of guidance), the court finds that confirmation of the modified chapter 13 plan adequately meets the "reprocessing" requirement for the inadvertence/mistake exception to apply. See Zyla v. Am. Red Cross Blood Servs., No. C-13-2464 EMC, 2014 WL 1266852, at *7 (N.D. Cal. Mar. 27, 2014) (suggesting that the mistake/inadvertence exception would apply if the bankruptcy court had confirmed the plaintiff's amended chapter 13 plan at the time the court ruled on whether judicial estoppel barred the plaintiff's claims).

For the foregoing reasons, the Court finds that Plaintiff Freitas has successfully invoked the mistake/inadvertence exception to judicial estoppel in the bankruptcy context.

**B.    Whether Plaintiff Freitas Has Demonstrated that His Omission Was Due to Inadvertence or Mistake**

Because the inadvertence/mistake exception applies, the Court must now conduct a factual inquiry into whether Plaintiff Freitas's omission "occurred by accident or was made without intent to conceal." Ah Quin, 733 F.3d at 277. "The relevant inquiry is not limited to the plaintiff's knowledge of

the pending claim and the universal motive to conceal a potential asset—though those are certainly relevant factors. The relevant inquiry is, more broadly, the plaintiff's subjective intent when filling out and signing the bankruptcy schedules." Id. at 276–77.

The only evidence Plaintiff Freitas has submitted to the Court is his Declaration. Therein he states:

> 10. I did not know that I needed to amend my schedules to include my claims against Defendant, which occurred after I had initially filed bankruptcy.
>
> 11. I had not informed my lawyer, Charles H. Brower, that I had filed bankruptcy when I retained him, or afterward.
>
> 12. In February 2019, Mr. Brower informed me about the need to disclose my claim against Defendant as an asset for my bankruptcy after Defendant's motion for summary judgment was filed in this case.

Freitas Decl. ¶¶ 10–12

Defendant MHR has submitted no evidence suggesting Plaintiff Freitas's omission was due to anything other than inadvertence or mistake. However, Defendant MHR argues that the timing of the second bankruptcy is suspect because Plaintiff Freitas remedied the omission only after Defendant MHR filed its Motion. Reply at 8. In two cases, the Ninth Circuit noted that similar timing was suspect. See Dzakula v. McHugh, 746 F.3d 399, 401 (9th Cir. 2014) ("Plaintiff here filed false (materially incomplete) bankruptcy schedules and did not amend

- 14 -

those schedules until Defendant filed a motion to dismiss this action, suggesting that her omission had not been inadvertent");
Ah Quin, 733 F.3d at 278 ("the timing of the reopening of the bankruptcy case seems inculpatory" where the plaintiff did not move to reopen proceedings until after the defendant raised the issue of judicial estoppel). The court in Dzakula ultimately ruled that the plaintiff's omission was not due to a mistake, but only because the plaintiff submitted no evidence whatsoever explaining her initial failure to include her claims on her bankruptcy schedules—not even a declaration or an affidavit. 746 F.3d at 401.

Unlike the plaintiff in Dzakula, Plaintiff Freitas has submitted a Declaration explaining that his initial failure to disclose his claims to the bankruptcy court was inadvertent. Defendant MHR argues the Declaration is conclusory and self-serving, and therefore the Court should disregard it. Reply at 8-9. But in Ah Quin, the Ninth Circuit stated "in order to hold that Plaintiff's affidavit—which concerns the quintessentially personal fact of state of mind—is a sham, the content of the affidavit must be blatantly contradicted by the record." 733 F.3d at 278. Although the Freitas Declaration is brief, nothing in the record contradicts it. Moreover, the cases Defendant MHR cites for the proposition that the Freitas Declaration is conclusory and self-serving are distinguishable.

In <u>Butler</u>, the plaintiffs submitted declarations stating it did not occur to them that they might have claims against their former employer at the time they filed for bankruptcy. 2018 WL 905764, at *3. Unlike Plaintiff Freitas, who stated he did not know he needed to amend his initial bankruptcy to disclose his claims against Defendant MHR, the declaration in <u>Butler</u> featured no such indication concerning the plaintiffs' lack of knowledge about the Bankruptcy Code's requirement for debtors to disclose claims as assets—the declarations in <u>Butler</u> concerned the timing at which the plaintiffs came to realize they might have claims.

In <u>Cagle v. C & S Wholesale Grocers, Inc.</u>, the plaintiff filed a declaration stating "before [the defendant filed its motion] I was not aware that I had an ongoing obligation to disclose my claims related to any litigation as an asset in my bankruptcy proceedings." 505 B.R. 534, 539 (E.D. Cal. 2014). However, the court found that this statement was contradicted by the record because the plaintiff had filed multiple amended schedules during the pendency of the bankruptcy proceedings to add other assets, which suggested that the plaintiff did in fact know of his duty to disclose his claims. <u>Id.</u> at 540.

The Court finds that <u>Butler</u> and <u>Cagle</u> are inapplicable here, where the only evidence in the record that could support a

conclusion of deceit is the timing of Plaintiff Freitas's second

bankruptcy filing shortly after Defendant MHR filed its Motion.

Indeed, the Freitas Declaration is not "blatantly contradicted

by the record," which is the standard the Ninth Circuit

established in Ah Quin for discrediting affidavits filed by

plaintiffs in the context of applying judicial estoppel in cases

such as this one.  733 f.3d at 278.  Moreover, Ah Quin involved

a situation where the plaintiff's affidavit stated that "when

she reviewed the bankruptcy schedules, she did not think that

she had to disclose her pending lawsuit because the bankruptcy

schedules were 'vague.'"  Id.  (emphasis added).  Although the

Freitas Declaration is not as detailed as the affidavit the

plaintiff filed in Ah Quin, Plaintiff Freitas's lawsuit was not

pending when he filed his initial chapter 13 petition.

Plaintiff Freitas was also not required to file amended

schedules together with the motion to modify his initial chapter

13 plan filed on June 13, 2017.[7/]  Freitas Decl. ¶ 6.

---

[7/] As the Court noted supra, Plaintiff Freitas filed a Motion to
Modify Confirmed Plan because he obtained a home loan
modification reducing his monthly mortgage payment, which in
turn apparently entitled him to reduced monthly payments on his
chapter 13 plan.  The motion did not require Plaintiff Freitas
to file amended schedules.  See 11 U.S.C. § 1329(a).  However,
the Court notes that the Bankruptcy Code imposes on debtors a
duty to disclose all assets to the bankruptcy court, a duty
which lasts for the duration of the bankruptcy proceedings.  See
Hamilton, 270 F.3d at 785 (citation omitted); 11 U.S.C. §
521(1).

Accordingly, the Court finds that viewing the extremely limited evidence in the record in the light most favorable to Plaintiff Freitas, a reasonable jury might credit his Declaration and conclude that his omission was due to an honest mistake. See Aguilar v. Zep, Inc., Case No. 13-cv-00563-WHO, 2014 WL 4245988, at *10 (N.D. Cal. Aug. 27, 2014) ("[g]iven the often complex and specialized nature of bankruptcy proceedings, with which most people have no experience, and on this scant record," the court could not conclude that the plaintiff's declaration was untrustworthy); Heffelfinger v. Elec. Data Sys. Corp, 492 Fed. App'x 710, 713 (9th Cir. 2012) (declining to apply judicial estoppel where the plaintiff filed a declaration stating he did not disclose his lawsuit to the bankruptcy court because he did not know that he was required to do so).

Finally, the Court reiterates that the purpose of judicial estoppel is to protect the essential integrity of the judicial process and prevent the parties from playing "fast and loose" with the courts. New Hampshire, 532 U.S. at 750. The application of judicial estoppel in this context would do nothing to protect the integrity of the courts; in fact the only party who would benefit from the application of judicial estoppel is Defendant MHR. Finally, application of judicial estoppel "would eliminate any prospect that Plaintiff's

unsecured creditors might have of recovering." <u>Ah Quin</u>, 733
F.3d 276.  Here, Plaintiff Freitas's chapter 13 plan has been
confirmed, and to bar him from prosecuting these claims would be
to the disadvantage of his creditors.  <u>See id.</u> ("the application
of judicial estoppel . . . would enure to the benefit only of an
alleged bad actor").  Moreover, it appears that he derived no
benefit whatsoever from his failure to disclose his claims in
the initial proceedings, nor was there any detriment to the
creditors—although the creditors were not made aware of the
claims at that time, Plaintiff Freitas's debts were never
discharged and now his creditors are fully aware of his claims
and have an opportunity to pursue their rights in the second
bankruptcy proceedings.

## III.  STANDING

At the hearing held on May 21, 2019, counsel for
Plaintiff Freitas and counsel for Defendant MHR agreed that a
chapter 13 debtor only has standing to bring causes of action on
behalf of the chapter 13 estate.  Thus, the parties agreed that
Plaintiff Freitas has standing to bring the instant claims for
the benefit of the chapter 13 estate, but not for his own
personal benefit.  This position is also reflected in a joint
letter the parties submitted to Magistrate Judge Rom A. Trader
dated May 13, 2019.  <u>See</u> ECF No. 70.

Every circuit court to have considered the question has held that chapter 13 debtors have standing to bring causes of action in their own name on behalf of the chapter 13 estate. Wilson v. Dollar Gen. Corp., 717 F.3d 337, 343 (4th Cir. 2013) (citing cases from the Tenth, Eleventh, Seventh, Second, Third, and Fifth Circuits). The Fourth Circuit reasoned that a chapter 13 debtor "steps into the role of trustee and exercises concurrent authority to sue and be sued on behalf of the estate." Id. at 344 (citing Cable v. Ivy Tech State College, 200 F.3d 467, 472-74 (7th Cir. 1999)). Although the Ninth Circuit has never addressed this question,[8/] many district courts in the Ninth Circuit have held that chapter 13 debtors have standing to bring claims on behalf of the estate, and that this standing is concurrent with that of the chapter 13 trustee. See, e.g., Gaudin v. Saxon Mortg. Servs., Inc., 820 F. Supp. 2d 1051, 1052-53 (N.D. Cal. 2011) (citing Donato v. Metro. Life Ins. Co. 230 B.R. 418, 425 (N.D. Cal. 1999)); Wahlman v. DataSphere Tech., Inc., No. C12-1997JLR, 2014 WL 794269, at *5

---

[8/] While the Ninth Circuit has never ruled on the question of chapter 13 debtor standing, it has cited the Seventh Circuit approvingly for the proposition that in chapter 7 liquidation proceedings, only the trustee has standing to prosecute claims; whereas under the reorganization chapters of the Bankruptcy Code, which include chapters 11 and 13, the debtor has express authority to sue and be sued under Federal Rule of Bankruptcy Procedure 6009. In re DiSalvo, 219 F.3d 1035, 1039 (9th Cir. 2000) (citing Cable, 200 F.3d at 472).

(W.D. Wash. Feb. 27, 2014); <u>Whitworth v. Nat'l Enter. Sys.,</u>
<u>Inc.</u>, Civil No. 08-968-PK, 2009 WL 650357, at *2 (D. Or. Mar. 6,
2009).

It is also the case that a chapter 13 debtor and the
chapter 13 trustee have concurrent standing to "bring actions
<u>only for the benefit</u> of the estate, rather than for the benefit
of the debtor." <u>Cable</u>, 200 F.3d at 473. One district court in
the Ninth Circuit dismissed a plaintiff's claims without
prejudice for lack of standing because the plaintiff did not
disclose his claims to the bankruptcy court and therefore could
not "claim to be bringing his claims for the benefit of his
bankruptcy estate." <u>See</u> <u>Ming Yu Chau v. Bank of New York Mellon</u>
<u>Tr. Co.</u>, 18-CV-1536-CAB-WVG, 2018 WL 4680127, at *3 (S.D. Cal.
Sept. 28, 2018) (citing <u>King v. Indiana Harbor Belt R.R. Co.</u>,
No. 2:15-CV-245 JD, 2018 WL 1566821, at *3 (N.D. Ind. Mar. 30,
2018); <u>Cable</u>, 200 F.3d 467 at 472–73). This limitation on a
chapter 13 debtor's standing also comports with the plain
language of Rule 6009 of the Federal Rules of Bankruptcy, which
states that "the trustee or debtor in possession may . . .
commence and prosecute any action or proceeding in behalf of[9/]
the estate before any tribunal." Fed. R. Bankr. P. 6009.

---

[9/] "The phrase <u>in behalf of</u> traditionally means "in the interest,
support, or defense of." <u>Black's Law Dictionary</u> (10th. ed.
2014).

Somewhat surprisingly, it appears that no other district courts in the Ninth Circuit have explicitly recognized that a chapter 13 debtor's standing is limited to pursuing claims only for the benefit of the bankruptcy estate.  However, Plaintiff Freitas's Schedule A/B and chapter 13 plan indicate his recognition of this limitation in stating that "all sums awarded, if any, to Debtor Husband shall be turned over to the Trustee and subject to Court determination as to the distribution of same."  See Bankruptcy Notice, Exh. B at 5; In re Michael A. Freitas, Case No. 19-00341, Dkt. No. 2 at 7.

Based on the foregoing authorities, and by agreement of the parties, the Court finds that Plaintiff Freitas has standing to pursue claims on behalf of the chapter 13 estate, but not for his own personal benefit.

## CONCLUSION

Accordingly, the Court in the exercise of its discretion declines to invoke the doctrine of judicial estoppel to bar Plaintiff Freitas's claims.  For the foregoing reasons, Defendant MHR's Motion for Summary Judgment is hereby DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, May 23, 2019.



_____
Alan C. Kay
Sr. United States District Judge

Freitas, et al. v. McCabe, Hamilton & Renny Co., Ltd., Civ. No. 17-00359 ACK-RT, Order Denying Defendant's Motion for Summary Judgment As to All Claims Brought by Plaintiff Michael A. Freitas